Charles D. LOOS, Auditor of the State of Indiana, Appellant (Defendant Below),

v.

S. Anthony LONG, Prosecuting Attorney For the Second Judicial Circuit and Dennis J. Dewey, Chief Deputy Prosecuting Attorney For the Second Judicial Circuit of Indiana, Appellee (Plaintiff Below).

No. 1–980A247.

Court of Appeals of Indiana, First District.

Feb. 24, 1981.

Linley E. Pearson, Atty. Gen., Jack R. O'Neill, Deputy Atty. Gen., Indianapolis, for appellant.

Phillips & Long, P.C., Robert R. Aylsworth, Boonville, for appellee.

ROBERTSON, Judge.

The Auditor of the State of Indiana (Loos) appeals a judgment involving the proper amount of salary to be paid by the state to the Prosecuting Attorney and Deputy Prosecuting Attorney of Warrick County. The trial court determined that Loos was responsible for paying amounts in excess of the statutory minimum.

We reverse.

The salaries of both prosecuting attorneys and deputy prosecuting attorneys are based on the salary of the judge of the county circuit court. The minimum salary of the circuit court judge of counties the size of Warrick (class 4) is $35,500. *Ind. Code* 33–13–12–7. Of this amount, $29,000 is paid by the state and the remainder is paid by the counties. Counties are authorized pursuant to *Ind.Code* 17–1–24–18.1 to pay judges in excess of the minimum salary. The judge of Warrick Circuit Court is

paid $39,500. Prosecuting attorneys, other than a full time prosecutor, received sixty-six percent (66%) of the salary of the circuit court judge of the county. *Ind.Code* 33–14–7–5(a). Deputy prosecuting attorneys receive seventy-five percent (75%) of the salary of prosecuting attorneys. *Ind.Code* 33–14–7–2. The trial court determined that the salaries should be calculated as a percentage of the total salary including any excess amount received by the circuit court judge. In the present situation, appellee's salary would be calculated from the $39,500 actually received by the judge. Loos argues that the salaries must be calculated from the statutory minimum of $35,500.

The authority for the state to pay prosecuting attorneys is found in *Ind.Code* 33–14–7–1 and IC 33–14–7–2 contains the authority to pay deputy prosecuting attorneys. Both sections require the state to provide the minimum compensation to these officers. The section dealing with prosecutor's salaries, IC 33–14–7–5, also requires the state to pay a minimum salary. Appellees correctly point out that this chapter does not contain a definition of the words salary or minimum salary and argue, in the absence of such definitions, that we adopt the definitions found in *Ind.Code* 33–13–12–1.[1] The definitions contained therein are limited to chapter 12 and are not relevant to the case at bar. We believe that the constant references within chapter 14 to minimum salary or minimum compensation is not without purpose, such that the intent of the legislature was to require the state to calculate these salaries based on the minimum statutory amounts. Moreover, IC 33–14–7–2 and IC 17–1–24–18.1 contain provisions authorizing counties to appropriate additional compensation for these positions. If counties wish to provide additional compensation, they must take additional action.

The judgment is therefore reversed.

NEAL, P. J., and RATLIFF, J., concur.

1. This section reads as follows:
   *Definitions*—As used in this chapter, unless the context requires otherwise:
   \*   \*   \*   \*   \*   \*
   (3) "State salary" shall mean that part of a judge's salary paid by the state of Indiana,

(4) "County salary" shall mean that part of a judge's salary paid by the county.
(5) "Salary" shall mean the sum of state salary and county salary added together.