The **BOARD OF TRUSTEES OF the PUBLIC EMPLOYEES' RETIREMENT FUND OF INDIANA**, Appellant (Defendant Below),

v.

**Jacob S. MILLER, Appellee (Plaintiff Below).**

No. 49S02–8703–CV–299.

Supreme Court of Indiana.

March 3, 1988.

Harry Dudley Miller, Deputy Atty. Gen., Public Employee Retirement Fund of Indiana, Indianapolis, for appellant.

Gary L. Miller, Hollingsworth Meek & Miller, P.C., Indianapolis, for appellee.

SHEPARD, Chief Justice.

The issue before us is whether a former magistrate is entitled to creditable service towards the Public Employees' Retirement Fund (PERF) when the city-county resolution opting into the Fund excluded part-time employees.

The facts are undisputed. Judge John L. Niblack of the Marion Circuit Court had the power to appoint magistrates to preside over small claims, misdemeanors and traffic offenses. On January 1, 1960, Judge Niblack appointed Jacob S. Miller as magistrate in the Speedway Magistrate Court. Miller presided over two court sessions a week, one on Monday night and the other on Thursday morning. Each court session ran about eight hours. Miller held additional sessions in May to handle the large number of offenses that accompany the annual motor car race. In addition, he signed search warrants, conferred with police, and answered correspondence related

to court matters. Miller testified he worked about 1300 or 1400 hours a year. Miller served until December 31, 1965.

In 1973, the City of Indianapolis and Marion County joined to form one governmental unit. The new government decided to join PERF. City–County Special Resolution 14, 1974 provided that employees of the Marion Circuit Court would become members of the fund.

When Miller sought PERF benefits in 1984, he claimed creditable service from 1960 through 1965 as a magistrate under the Circuit Court of Marion County. An initial letter from PERF denied Miller credit. Miller objected to the determination and raised the matter with the PERF Board of Trustees. The Board named a hearing officer who received evidence and heard argument. The hearing officer recommended the Board deny Miller credit for his service as a magistrate. The Board accepted the hearing officer's recommendation.

Miller petitioned the Marion Circuit Court for judicial review of the agency's action. The Circuit Court held Miller was entitled to credit for his service as a magistrate and remanded the cause to PERF to calculate benefits.

The PERF Board of Trustees appealed the trial court's decision to the Court of Appeals. The Court of Appeals, on its own motion, transferred the cause to this Court. Our analysis proceeds in two parts. First, we note the appropriate standard of judicial review for agency actions. Second, we determine whether the PERF statute or the City–County Council Resolution excludes Miller's position from coverage.

### I. Standard of Judicial Review

■ Miller's petition for judicial review of the administrative agency's action was regulated by the Administrative Adjudication Act, Ind.Code § 4–22–1–1 et seq. (Burns 1986 Repl.).[1] Under that Act, the court proceeding is not a trial de novo. Ind.Code § 4–22–1–18(a). A court simply analyzes the whole record to determine whether the factual findings were supported by substantial evidence. Ind.Code § 4–22–1–18(c)(5). "The trial court, in reviewing the administrative action, has no right to weigh conflicting evidence and choose that which it sees fit to rely upon. The statute gives this fact-finding function to the administrative body." *Department of Financial Institutions v. State Bank of Lizton* (1969), 253 Ind. 172, 177, 252 N.E.2d 248, 251.

■ The same degree of deference is not granted to an agency's legal conclusions. *Public Service Commission v. City of Indianapolis* (1956), 235 Ind. 70, 131 N.E.2d 308. Law is the province of the judiciary. Our constitutional system empowers the courts to draw legal conclusions. Recognizing this authority, the statute declares that a reviewing court may set aside agency action "not in accordance with law...." Ind.Code § 4–22–1–18(c)(1).

■ In this case, the Circuit Court had a question of law before it. While the Circuit Court owed the agency's opinion some deference, the court did not err by coming to its own conclusion on a question of law. While the distinction between legal questions and factual questions is not always clear, here the line is bright. The parties have no quarrel over the facts; the question is whether those facts lead to the legal conclusion that Miller is entitled to credit for his service as a magistrate. The trial court was well within its authority in reviewing the agency's legal conclusion.

### II. Part–Time Employee of the Circuit Court

■ The trial court concluded that Miller was an employee of the Marion Circuit Court. The PERF Board disagrees, arguing that Miller was a public officer not covered by the City–County Council's Resolution. The Board maintains that unless Miller's office of magistrate is expressly taken into PERF, he is not entitled to credit for his service as a magistrate.

1. Repealed effective July 1, 1987 and replaced by the Administrative Orders and Procedures Act, Ind.Code § 4–21.5–1–1 et seq. 1986 Ind. Acts, P.L. 18.

The new city-county government declared the employees of a number of Marion County offices to be covered by PERF in Special Resolution No. 14, 1974. Section 3 of the Resolution enumerated the departments and included:

Circuit Court of Marion County

Superior Court 1, 2, 3, 4, 5, 6, and 7 of Marion County

Criminal Court Division 1, 2, 3, and 4 of Marion County

Probate Court

Presiding Judge of the Municipal Court of Marion County

The Resolution did not mention the Magistrate Court. The legislature had abolished it in 1971. 1971 Ind.Acts, P.L. 433, § 17. The PERF statute, however, allows former employees of a covered department to claim credit for service.

A member who has past service as an employee of ... a participating political subdivision in a position which was not covered by the retirement fund is entitled to credit for this service if the position becomes covered before January 1, 1985, by ... [PERF]....

Ind.Code § 5–10.2–3–1(c). Miller claimed credit for his service as an employee of the Marion Circuit Court.

Miller's position as a magistrate had some characteristics of an employee of the circuit court. At the time of Miller's appointment, circuit judges appointed magistrates and could remove them. 1939 Ind. Acts, Ch. 164, § 2. They also determined the hours of work and fixed the magistrates' salary with approval of the board of commissioners. *Id.* §§ 2(f), 3(c).

The position of magistrate, however, also had some characteristics of an independent officer who would have to be expressly taken into PERF. Magistrates took an oath. *Id.* § 2(d). They had the same power as circuit court judges in relation to attendance of witnesses, the punishment of contempt, and the enforcement of orders. *Id.* § 5(c). The legislature conferred jurisdiction on them and gave them powers and duties. *Id.* §§ 4–5.

Assuming *arguendo* that Miller was an employee of the Marion Circuit Court,

PERF claims he was not covered because he worked part-time. The PERF statute and the Resolution are the two sources of law which could define the membership rights of part-time employees.

The PERF statute does not exclude Miller from the Fund. While the statute now provides that only full-time employees may be members, the legislature did not add this requirement until 1982. 1982 Ind.Acts, P.L. 37, § 2. Another provision specifically excludes an employee who works less than 600 hours per year from PERF. Ind.Code § 5–10.3–7–2(2). That statutory section does not define part-time employment but excludes employees who work only briefly for the governmental entity. Miller worked between 1300 and 1400 hours per year in a permanent position. The trial court correctly concluded that the PERF statute does not exclude Miller from membership.

Beyond statutory requirements for membership, the political subdivision must choose to cover the position. The political subdivision has the power to define which positions are included or excluded from the Fund. Ind.Code § 5–10.3–6–1. Section Four of Special Resolution 14, 1974 states, "It is hereby declared that none of the classifications or positions specified in Section Three are [covered] ... in a part-time category." In the initial determination letter Miller received, the Executive Secretary of PERF pointed out that Section Four had been deleted and amended by City–County Resolution No. 24, 1974. Although a copy of the later resolution is not included in the record, the changes appear to reaffirm the exclusion of part-time employees.

The law creating the Magistrate Court allowed the circuit judge to appoint a magistrate on either a full-time or a part-time basis. 1939 Ind.Acts, Ch. 164, § 2. In 1965, the legislature eliminated the authority to appoint full-time judges for the Magistrate Court, leaving part-time judges only; it also transferred the power of appointment from the circuit judge to the governor. 1965 Ind.Acts, Ch. 433, §§ 1(a), 2(a). Thus, during the last year of his

service, Miller could not have served full-time as an employee of the circuit court.

The evidence before the agency was that Miller's supervisor had always regarded him as part-time. Judge Niblack stated in a deposition that the Speedway Magistrate Court was a part-time court holding two sessions a week. He said he appointed Miller as a part-time judge as compared to a full-time judge like himself. In response, Miller presented testimony from George M. Ober, a magistrate in Speedway from 1948 to 1956. Ober said the circuit judge expected him to be on call 24 hours a day. Ober also said he installed a private phone line in his home for the purpose of issuing search warrants and determining bond.

Although the position required Miller to work 1300–1400 hours a year and be available all other hours of the day, the position remained part-time. The City–County Council decided not to provide part-time employees with PERF coverage. Because the Resolution excluded part-time employees from PERF coverage, Miller is not entitled to credit for his service as a magistrate.

The trial court is reversed.

DeBRULER and DICKSON, JJ., concur.

GIVAN, J., dissents with opinion in which PIVARNIK, J., joins.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in this case. I believe the statute, Ind.Code § 5–10.3–7–2(2), sets service of less than six hundred (600) hours during a year as a definition of "part time."

I believe Judge Ryan was correct in finding for appellee.

PIVARNIK, J., concurs.