Kathylyn Stuart MANCE et al.,
Appellants–Plaintiffs,

v.

BOARD OF DIRECTORS OF the PUBLIC EMPLOYEES' RETIREMENT FUND, Appellee–Defendant.

No. 82A01–9408–CV–280.

Court of Appeals of Indiana.

June 20, 1995.

Rehearing Denied Aug. 9, 1995.

Theodore Lockyear, James A. Kornblum, Lockyear & Kornblum, Evansville, for appellants.

Pamela Carter, Atty. Gen., Wayne E. Uhl, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

We are asked to decide whether a trial judge's "salary," which is used to calculate retirement benefits, includes the voluntary salary supplement that counties may pay their judges ("county supplement"). Kathylyn Stuart Mance and William D. Stephens, individually and as representatives of a class of retired judges and their beneficiaries (collectively the "Class"), challenge the administration of the judges' retirement fund by the Board of Directors of the Public Employees' Retirement Fund ("Board"). The Class filed a claim with the Board for unpaid retirement benefits, asserting that the salary base for benefits should have included both the statutory minimum salary and the county supplement. The Board denied the claim and determined that under the statutory scheme for payment of judges' retirement benefits, benefits were to be based only on the statutory minimum salary. Both the Administrative Law Judge and the trial court agreed with the Board's interpretation of the judges' retirement system statutes.

We affirm.

### DISCUSSION AND DECISION

#### Standard of Review

In reviewing an administrative decision, courts are limited to determining " 'whether the agency possessed jurisdiction over the subject matter, and whether the agency's decision was made pursuant to proper procedures, was based upon substantial evidence, was not arbitrary and capricious, and was not in violation of any constitutional, statutory or legal principle.' " *Indiana Dept. of Natural Resources v. United Refuse Co.* (1993), Ind., 615 N.E.2d 100, 103 (quoting *Board of Tax Comm'rs v. Jewell Grain Co.* (1990), Ind., 556 N.E.2d 920, 921). Like the trial court, we examine the record as a whole to determine whether the administrative law judge's findings are supported by substantial evidence. *Id.* Thus, an administrative action will not be overturned unless it is purely arbitrary or an error of law has been made. *Indiana State Bd. of Public Welfare v. Tioga Pines Living Center, Inc.* (1993), Ind., 622 N.E.2d 935, 939, *cert. denied,* — U.S. ——, 114 S.Ct. 1302, 127 L.Ed.2d 654.

An agency's interpretation of a statute which it is charged with enforcing is entitled to great weight. *Natural Resources Comm'n v. Porter County Drainage Bd.* (1991), Ind., 576 N.E.2d 587, 589. However, a reviewing court's deference to the agency's interpretation of a statute is not absolute. *See Board of Trustees of Public Employees' Retirement Fund v. Miller* (1988), Ind., 519 N.E.2d 732, 733; *Airco Indus. v. Indiana Michigan Power Co.* (1993), Ind.App., 614 N.E.2d 951, 953. Courts may set aside an agency action "not in accordance with law...." IND.CODE § 4–21.5–5–14(d)(1); *see Miller,* 519 N.E.2d at 733. Law is the province of the judiciary, and courts rather than administrative agencies are charged with the responsibility to resolve questions of statutory construction. *See Miller,* 519 N.E.2d at 733; *Prosser v. J.M. Corp.* (1994), Ind.App., 629 N.E.2d 904, 907.

The parties in this case do not dispute the Board's findings of fact and they agree that this appeal presents a pure question of law concerning the proper construction of the judges' retirement system statutes. Therefore, we must determine only whether the Board's interpretation of those statutes is correct.

#### Judges' Retirement System

Our legislature established the Judges' Retirement System in 1953. *See* 1953 Ind. Acts ch. 157; Burns Ann.Stat. §§ 4–3244–3266 (Supp.1953). The system creates a retirement fund (the "Fund") from which retired judges or their beneficiaries are entitled to receive benefits. Judges participate in the Fund under two systems for determining benefits. Judges who commenced service as a judge prior to September 1, 1985, could elect not to participate in the Fund. *See* IND.CODE § 33–13–9.1–3(a), (b). Those who elected to participate receive benefits

under what is known as the "1977 System." Those who began service after August 31, 1985, are required to participate in the Fund (the "1985 System"). IND.CODE § 33–13–10.1–3.

■ Participants in the retirement system must make contributions to the Fund equal to six percent of "each payment of salary received for services as a judge," which shall be deducted from the "monthly salary of each participant by the auditor of the state and by the county auditor and credited to the fund." IND.CODE § 33–13–10.1–4(a), (b).[1] The amount of a judge's retirement benefit is determined by a percentage of the judge's salary based on years of service. The 1977 and 1985 Systems are essentially identical except that a different salary is used for determining benefits under each system. Judges in the 1977 System receive retirement benefits based on the current salary paid for the office which the participant held at the time of separation from service, while judges in the 1985 System receive benefits based on the salary each judge earned at the time of separation from service. See IND. CODE § 33–13–9.1–4(c); IND.CODE § 33–13–10.1–7(b). Under these statutes (collectively the "judges' retirement system statutes") the essential requirements for receipt of benefits are holding judicial office, participation in the system and making money contributions from salary payments. See Board of Trustees of the Public Employees' Retirement Fund v. Hill (1985), Ind., 472 N.E.2d 204, 207.

As shown above, a judge's retirement benefits are based on a percentage of either the salary the judge would earn if the judge were still on the bench or the salary the judge earned at separation. See I.C. § 33–13–9.1–4(c)(1); I.C. § 33–13–10.1–7(b)(1). Indiana trial judges receive a mandatory minimum salary set by statute. See IND.CODE § 33–13–12–7 ("salary statute"). Previously, this statutory minimum salary was paid by both the State of Indiana and the counties according to a county classification system.[2] I.C. § 33–13–12–7(b), (c). For example, in those counties that qualified in "Class 1–2," the State paid $51,265.00 of a trial judge's total annual salary and the county in which the judge presided was required to pay the remaining $10,475.00. Id.

Counties may also pay trial judges additional salary in the form of a county supplement, pursuant to the following statutory authority:

> This chapter does not affect the *salaries of judges,* officer of courts, prosecuting attorneys, and deputy prosecuting attorneys *whose minimum salaries are fixed by statute,* but the *county may make appropriations to pay them more than the minimums fixed by statute.*[3]

IND.CODE § 36–2–5–14 (emphases added); *see also* IND.CODE § 36–3–6–3(c) (same authority for Unigov counties) (collectively the "county supplement statute"). Unlike the statutory minimum salary, the county supplement is paid at the discretion of each county.

### Salary

■ This appeal requires that we consider the meaning of "salary" as that term is used in the judges' retirement system statutes for determining contributions to the Fund and retirement benefits:

> of that salary, excluding the county supplement, if any. P.L. 18–1995, SEC. 109; P.L. 279–1995, SEC. 5 (both amending Indiana Code § 33–13–12–7(a)).

---

1. The Board contends that because the six percent contribution was not withheld from the county supplement, the Class is now barred by the doctrine of laches from asserting that the county supplement should be included in the salary base for retirement benefits. We agree that this failure to make the six percent contribution to the Fund is inconsistent with the Class's contention that the county supplement should be used to calculate retirement benefits. However, we do not decide this case on equitable grounds but on its legal merits.

2. Effective July 1, 1995, the statutory minimum salary shall be $85,000, and the state shall pay all

3. The 1995 legislation places a $5,000 limit on the amount each county may appropriate to pay its judges a county supplement in any calendar year. This legislation also eliminates other compensation trial judges have received in the form of special judge fees. While this action was filed before these recent changes, special judge fees are not at issue in this case.

'Salary' means the total salary paid to any participant by the State of Indiana *and by a county or counties. . . .*

IND.CODE § 33–13–8–2 (emphasis added); *see* IND.CODE § 33–13–9.1–2 (use of term "salary" in chapter has meaning set out in Indiana Code § 33–13–8–2); IND.CODE § 33–13–10.1–2 (same). The parties disagree whether the term "salary" includes only the statutory minimum salary paid by the State and counties or whether it also includes the voluntary county supplement.

Both the Class and the Board advance plausible interpretations of this statutory definition. The Class emphasizes the broad language of the definition and argues that because the county supplement is salary, it qualifies as part of the "total salary paid . . . by a county or counties." I.C. § 33–13–8–2. The Board contends that "salary" as used in the judges' retirement system statutes only includes the statutory minimum salary paid by the State and counties. It traces the history and relationship of the judges' retirement system statutes and the salary statute and reasons that the legislature intended the term "salary" to include only the statutory minimum salary.

■ Where, as here, a statute is susceptible to more than one reasonable interpretation, courts may consider the consequences of a particular construction. *Koester Contracting, Inc. v. Bd. of Commr's* (1993), Ind. App., 619 N.E.2d 587, 589. We must presume that the legislature did not intend its language to be applied in an illogical manner or to produce untenable results. *See State ex rel. Hatcher v. Lake Superior Court* (1986), Ind., 500 N.E.2d 737, 739. When we look beyond the language of the judges' retirement system statutes and examine the entire legislative scheme for payment of retirement benefits, the only construction of these statutes consistent with principles of local government law and the fundamental relationship between the State and its political subdivisions is that the county supplement is not "salary" for determining benefits.

### Fiscal Impact on the State of Indiana

The legislature has anticipated that in the administration of the judges' retirement system, mandatory contributions to the Fund from judges will be insufficient to pay benefits. Thus, the State of Indiana is required for each biennium to appropriate:

From the state general fund for participants' retirement benefits *the amount* determined by the board, on recommendation of an actuary, which, *when added to the portion of the fund held for benefits at the date of such appropriation, shall be equal to the aggregate liability of the fund for benefits to the end of the biennium.*

IND.CODE § 33–13–8–16(a)(1) (emphases added). This provision imposes a statutory duty upon the State to cover any deficiency in the Fund for payment of judges' retirement benefits. *See id.*

Judges' retirement benefits are derived from each judge's contributions to the retirement fund, based upon a fixed percentage of his "salary," court costs and fees, and appropriations from the State general fund. As we have shown, the amount of benefits each judge receives is also determined by a judge's salary. Thus, if retirement benefits were also based on the county supplement, decisions made at the county level to pay a supplement would affect the size of the State's appropriation required to meet any shortfall in the retirement fund. We do not think the legislature intended to relinquish to Indiana's 92 counties such control over the State's general fund.

■ It is fundamental to our system of government that only the legislature may require the State of Indiana to incur fiscal obligations. "It is well settled that our legislature has full power and control over the disposition of revenues derived from taxation. . . ." *South Bend Public Transp. Corp. v. City of South Bend* (1981), Ind., 428 N.E.2d 217, 224. "Whether an appropriation shall or shall not be made is a legislative question. . . ." *Carr, Auditor v. State ex rel. Du Coetlosquet* (1890), 127 Ind. 204, 208, 26 N.E. 778, 779.

■ Indeed, while Indiana's Home Rule Act adopts a presumption that "any doubt as to the existence of a power of a unit shall be resolved in favor of its existence," that princi-

ple applies only to matters of local concern. IND.CODE § 36–1–3–3(b). The policy of the Act is to grant to local units "all the powers that they need for the effective operation of government *as to local affairs*," which includes all powers granted to a unit by statute and "necessary or desirable in the conduct of *its affairs*, even though not granted by statute." IND.CODE § 36–1–3–2; IND.CODE § 36–1–3–4(b) (emphases added). However, where affairs of statewide concern are involved, the local governmental unit's power to act must be express or necessarily implied. *See* Osborne M. Reynolds, Jr. *Local Government Law* at 138 (1982).

The language of the judges' retirement system statutes does not grant to counties authority which, if exercised, would require the State to incur obligations and make appropriations. If the legislature had intended that result, it would have specifically included the county supplement in the definition of "salary" used in the judges' retirement system statutes.

Neither can such a result necessarily be implied from those statutes or the county supplement statute. The county supplement statute is an express grant of power authorizing counties to pay trial judges additional salary. Judges are officers of the State, and without a delegation of such authority to counties, the legislature alone has the power to establish judicial salaries. *See Board of Trustees of the Public Employees' Retirement Fund v. Hill* (1985), Ind., 472 N.E.2d 204, 209; *Hamilton County Council v. State ex rel. Groff* (1949), 227 Ind. 608, 612, 87 N.E.2d 810, 811 (it is a legislative duty to fix salaries of state officers). However, a county's exercise of this delegated power to "make appropriations" to supplement judicial salaries is a matter of local concern intended to affect only the county treasuries. I.C. §§ 36–2–5–14 and 36–3–6–3(c). It is a general rule that a local government unit cannot, without express authorization from the State, extend its regulations or the force of its laws outside the realm of its authority. *See* Osborne, *Local Government Law* at 156.

The Class's construction of the judges' retirement system statutes proves untenable because it would permit the counties to make decisions having an impact on the State's general fund beyond the control of the legislature. Through payment of a county supplement, counties could require the State to pay increased retirement benefits. Fiscal bodies at the local level would thus have the authority to affect state budget decisions.

This fiscal impact could be substantial. The legislature requires the State of Indiana to pay from the general fund any shortfall in the Judges' Retirement Fund. *See* I.C. § 33–13–8–16(a)(1). The judges' retirement system is funded on a "pay-as-you-go" basis, and it is anticipated that the system will not be self-sufficient but will produce an unfunded liability for which the State of Indiana is responsible. For example, the General Assembly has appropriated approximately $15.2 million for the 1995–97 biennium to discharge the State's obligation to the Fund. *See* P.L. 340–1995, SEC. 3.

Contributions to the Fund do not meet the Fund's liability for benefits. Since the retirement system was established, the statutory minimum salary and contributions have increased from time to time, yet the legislature has been required to make appropriations to meet the Fund's obligations. *See* Burns Ann.Stat. §§ 4–3237, 4–3247 (Supp. 1953); IND.CODE § 33–13–10.1–4(a); IND. CODE § 33–13–12–7. Thus, if the salary base for retirement benefits also included the county supplement, increased contributions to the Fund would not necessarily support the corresponding increase in retirement benefits. Despite a larger salary base, the financial burden on the Fund would likely increase and require even larger appropriations to meet the Fund's aggregate liability for benefits in each biennium.

This court cannot approve an interpretation of the judges' retirement system statutes which would operate to transform a county's discretionary power to act locally into the power to make local decisions with statewide fiscal consequences. Absent express language in these statutes, we must conclude that the legislature intended to retain its exclusive authority to determine the State's fiscal obligation to the Fund.

**538**

### Legislative Acquiescence

Our understanding of the judges' retirement system statutes is also supported by legislative inaction during the Board's long-standing interpretation of these statutes. In 1977, the legislature amended the judges' retirement system statutes and adopted the statutory definition of salary at issue in this case. Since that time, the Board [4] has determined that contributions and benefits shall be based solely on the statutory minimum salary and not also on the voluntary county supplement some judges are paid. The Board adopted this interpretation on May 18, 1977, as disclosed by the minutes of a meeting held that day:

> Judges in some counties receive a county supplement in excess of the Statutory salary. The Board will only recognize the Statutory salary for contributions and benefits.

Record at 394. The parties disagree whether the Board's interpretation was a properly promulgated administrative rule which should be accorded deference by this court.

■ We need not decide that question. The legislature has not amended the definition of "salary" used in the judges' retirement system statutes during the time the Board has interpreted that term to exclude the county supplement. It is a rule of statutory construction that "a long adhered to administrative interpretation dating from the legislative enactment, with no subsequent change having been made in the statute involved, raises a presumption of legislative acquiescence which is strongly persuasive upon the courts." *Indiana Dept. of Revenue v. Glendale–Glenbrook Assocs.* (1981), Ind., 429 N.E.2d 217, 219. Accordingly, the legislature is deemed to have acquiesced in the Board's construction of the retirement system statutes, and we must presume that the Board's construction was the meaning intended by the legislature. *See id.*

---

4. At that time, a body known as the Judicial Retirement Board administered the judges' retirement fund. The Judicial Retirement Board consisted of a justice of our supreme court, two judges of this court, the Treasurer of the state

### CONCLUSION

We hold that the term "salary" used in the judges' retirement system statutes means the statutory minimum salary established by the legislature. Accordingly, retirement benefits are based only on the statutory salary and not also on the voluntary county supplement which the legislature has authorized counties to pay their trial judges. The Board did not err when it denied the Class's claim for additional retirement benefits.

The judgment of the trial court is affirmed.

BAKER and DARDEN, JJ., concur.

and the Attorney General. The Judicial Retirement Board is no longer in existence, but responsibility for administration of the Fund now lies with the Board of PERF. We shall refer to these entities collectively as the "Board."