SAVE THE VALLEY, INC., Thomas and Jae Breitweiser, Michael Bowen, and Sue Passwater, Appellants–Plaintiffs,

v.

David FERGUSON, DaveCo Farms, LLC, and Indiana Department of Environmental Management, Appellees–Defendants.

No. 39A01–0802–CV–75.

Court of Appeals of Indiana.

Nov. 26, 2008.

Thomas W. Blessing, Trenton F. Hahn, Stewart & Irwin, P.C., Indianapolis, IN, Attorneys for Appellants.

Cathy Elliott, Bryan H. Babb, Kathleen G. Lucas, Bose McKinney & Evans LLP, Indianapolis, IN, Attorneys for Appellees, David Ferguson & Daveco Farms, LLC.

## OPINION

BAILEY, Judge.

### Case Summary

Thomas and Jae Breitweiser, Michael Bowen, Sue Passwater, and members of Save the Valley, Inc. (collectively "Residents") appeal the trial court's denial of their motion to correct error. We affirm and remand.[1]

### Issue

The Residents raise three issues on appeal.[2] However, we address the following dispositive issue: whether the trial court lacked subject matter jurisdiction over a private claim for declaratory and injunctive relief arising from activity regulated by the Indiana Department of Environmental Management ("IDEM").

1. IDEM was a party of record in the trial court. Although IDEM did not file an appellate brief, it remains a party on appeal. Ind. Appellate Rule 17(A).

2. We agree with the Residents that Indiana Code Chapter 13–30–1 (Standing to Sue for Declaratory and Equitable Relief in the Name of the State) does not pertain as their lawsuit does not seek relief "in the name of the State of Indiana." Ind.Code § 13–30–1–1. See Appellant's Brief at 12. See also Walling v. Appel Serv. Co., 641 N.E.2d 647, 652 (Ind.Ct. App.1994); and Massa v. Peabody Coal Co., 698 F.Supp. 1446, 1452 (S.D.Ind.1988).

## Facts and Procedural History

IDEM issued a permit to David Ferguson and DaveCo Farms, LLC ("Ferguson") to construct a confined feeding operation ("CFO")[3] in Jefferson County, Indiana. The Residents lived near Ferguson's farm and sought judicial review of IDEM's permit, ultimately resulting in *Breitweiser v. Ind. Office of Envt'l Adudication*, 810 N.E.2d 699 (Ind.2004), which upheld the validity of the permit.

In 2007, the Residents filed a complaint seeking declaratory and injunctive relief, but not monetary relief, and alleged that operation of the CFO would cause irreparable harm to themselves and their property. More specifically, the Residents asserted that Ferguson had not begun construction within two years of approval, as required by statute. *See* Ind.Code § 13–18–10–2.2(b). The trial court dismissed the complaint and subsequently denied the Residents' motion to correct error. The Residents now appeal and argue that their complaint for declaratory and injunctive relief should not have been dismissed.

## Discussion and Decision

The complaint addresses potential environmental harm arising from the operation of a hog farm, an industry subject to state regulation and the federal Clean Water Act. Title 13 (Environment) of the Indiana Code requires an IDEM permit to construct a CFO, and construction must begin within two years of the completion of an appeal of a permit's issuance. Ind.Code §§ 13–18–10–1 and –2.2. IDEM's Commissioner has the power to proceed in court to enforce Title 13. Ind.Code § 13–14–2–6. More specifically, IDEM may pursue injunctive relief to enforce laws pertaining to CFOs. Ind.Code §§ 13–18–10–5 and 13–30–4–1(b)(2). Furthermore, IDEM may recover as much as $25,000 per day for violations of CFO laws. Ind.Code §§ 13–18–10–6 and 13–30–4–1. Finally, IDEM may enforce the CFO statute by investigating and ordering corrective action, subject to administrative appeal. Ind.Code § 13–18–10–3 and §§ 13–30–3–1 and –4. From these statutes, it is clear that the Indiana General Assembly has charged IDEM with the responsibility of regulating potential harm from the operation of CFOs.

Our Supreme Court addressed a very similar claim in *Town Board of Orland v. Greenfield Mills, Inc.*, 663 N.E.2d 523 (Ind.1996). Orland applied for an IDEM permit to construct a municipal sewage treatment facility. While the application was pending, nearby landowners filed suit to enjoin the construction. As here, there was no claim for monetary damages. The *Orland* Court held that the trial court lacked subject matter jurisdiction to consider the complaint.

> [A]ll that they ask of the trial court is to prevent construction and operation of a sewage treatment plant because of the damaging levels of pollution they allege it will discharge. But as discussed at length *supra*, the legislature has provided a statutory scheme to decide when a sewage treatment project will be allowed to be built and operated, taking into

---

**3.** There is a statutory distinction between a *"confined* feeding operation" ("CFO") and a *"concentrated* animal feeding operation" ("CAFO"), but each features the confined feeding of certain animals, including swine. *See* Ind.Code §§ 13–11–2–40 and –38.3 (incorporating federal definition of CAFO at 40 C.F.R. § 122.23) (emphases added). While the Residents have persisted in using the term "confined animal feeding operation," there is no such term in the Indiana Code. Appendix at 64; Appellant's Brief at 1. However, the record and the fact that the Residents based their claim upon Indiana Code Section 13–18–10–2.2(b)(1), which addresses a CFO, but not a CAFO, confirm that the permit was for a CFO. Appendix at 68, 104, and 106.

account the pollution it will discharge, and, in the face of that statute, plaintiffs cannot seek judicial intervention to prevent construction and operation of a sewage treatment plant except in compliance with the statute.

If landowners included in their complaint a request for monetary damages for any taking, trespass, or nuisance caused by discharge from the sewage treatment project, the case might well present issues for ultimate determination by the trial court following completion of the permitting process (including administrative and judicial review thereof). But here landowners do not seek such damages. Instead, they seek to prevent construction of the sewage treatment project in the first place. The legislature has entrusted that determination to IDEM. We therefore hold that the trial court had no jurisdiction to entertain the landowners' request for an injunction on the private property rights grounds....

*Id.* at 528 (citations omitted).

In the instant dispute, Ferguson applied for the permit in 1998. The Residents sought judicial review of the permit's issuance, litigating until final resolution of the matter by our Supreme Court six years later. We follow the dispositive precedent of *Orland,* affirm the trial court's dismissal of the Residents' complaint, and remand with instructions to vacate the existing orders and to enter an order dismissing the complaint for lack of subject matter jurisdiction.

Affirmed and remanded.

RILEY, J., and BRADFORD, J., concur.