**JENNINGS WATER, INC.,**
Appellant–Petitioner,

v.

**OFFICE OF ENVIRONMENTAL AD-JUDICATION, Commissioner, Indiana Department of Environmental Management, and Talara Lykins, Appellees–Respondents.**

No. 49A02–0805–CV–396.

Court of Appeals of Indiana.

July 20, 2009.

Peter Campbell King, Tamara B. Wilson, Cline, King & King, Columbus, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Frances H. Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee, OEA.

Joseph A. Miller, Seymour, IN, Tally Lykins, North Vernon, IN, Attorneys for Appellee, Lykins.

## OPINION

SULLIVAN, Senior Judge.

Talara Lykins ("Lykins") applied for and received from the Indiana Department

of Environmental Management ("IDEM") a permit for the construction of a Confined Feeding Operation ("CFO") facility in Jackson County, Indiana. Jennings Water, Inc., a rural, not-for-profit water company, provides water to approximately 3,000 rural customers in that area. Jennings Water first petitioned the Office of Environmental Adjudication ("OEA") for administrative review of IDEM's decision to issue a permit to Lykins for her proposed CFO, alleging that Lykins' CFO would endanger and contaminate Jennings Water's well water field located approximately a mile away from the proposed CFO.[1] Jennings Water's petition was denied by the OEA, and Jennings Water's petition for judicial review of the final order issued by the OEA was denied by the trial court. Jennings Water now appeals claiming that the trial court erred by affirming the decision of the OEA, which upheld IDEM's approval of Lykins' CFO permit. The following restated issues are presented for our review:

I. Whether the trial court erred by finding that the OEA decision was not arbitrary, capricious or unreasonable in that the OEA concluded that the CFO was not located in a "sensitive area";

II. Whether the trial court correctly found that the OEA used the correct, *de novo* standard of review;

III. Whether the trial court erred by finding that Jennings Water failed to meet its burden of demonstrating that the OEA decision was arbitrary, capricious, or unsupported by substantial evidence; and

IV. Whether the trial court erred by finding that the OEA's decision was not contrary to law.

We affirm the trial court's order denying the Petition for Judicial Review.

## FACTS AND PROCEDURAL HISTORY[2]

Lykins submitted an application for IDEM's approval of a CFO. On September 13, 2005, IDEM issued its approval of a non-discharge National Pollutant Discharge Elimination System ("NPDES") CFO permit to Lykins. On September 27, 2005, Jennings Water timely filed a petition for administrative review, adjudicatory hearing and stay of effectiveness of the permit with the OEA. Jennings Water alleged in its petition that the CFO would endanger or contaminate its well water field located approximately one mile from the CFO and stated numerous contentions for being aggrieved and adversely affected by IDEM's approval of the permit.

On May 11 and 12, 2006 and August 2 and 3, 2006 OEA Chief Environmental Law Judge Mary L. Davidsen held a final

---

**1.** As noted in *Save the Valley, Inc. v. Ferguson*, 896 N.E.2d 1205 at 1206, footnote 3 (Ind.Ct. App.2008), "there is a statutory distinction between a *'confined* feeding operation' ('CFO') and a *'concentrated* animal feeding operation' ('CAFO'), but each features the confined feeding of certain animals, including swine. *See* Ind.Code §§ 13–11–2–40 and – 38.3 (incorporating federal definition of CAFO at 40 C.F.R. § 122.23 (emphases added))." The *Ferguson* court noted that there is no such term as "confined animal feeding operation" in the Indiana Code.

Although Jennings Water uses the acronym CAFO for confined animal feeding operation,

the application for the IDEM permit makes it clear that the proposed construction was for a "confined feeding operation" under Indiana Code § 13–18–10–2.2. It is also clear from the determination of the Office of Environmental Adjudication signed by Chief Environmental Law Judge Davidsen that the review conducted was of a CFO permit rather than a CAFO permit. (*Appellant's App.* at 68 *et seq.*)

**2.** We granted Jennings Water's motion to strike a portion of Lykins' appendix on April 21, 2009, the date of oral argument.

hearing on the challenge to the issuance of the permit. On June 29, 2007, Judge Davidsen issued her Findings of Fact, Conclusions of Law, and Final Order denying Jennings Water's petition. Judge Davidsen found that Jennings Water had not met its burden of demonstrating with substantial evidence that the CFO approval was in violation of any applicable rule or statute.

Jennings Water timely sought judicial review of the OEA final order. The reviewing court's summary of Jennings Water's allegations of error is as follows:

 a. OEA's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because: (1) the OEA applied an incorrect standard of review; (2) the OEA failed to consider the fact that the site is in a sensitive area; (3) Lykins' application was incomplete and failed to establish Lykins' compliance with all applicable regulations; and (4) Lykins' application failed to meet all applicable statutory requirements.

 b. The OEA's decision is unsupported by substantial evidence.

*Appellant's App.* at 2. Lykins' denied Jennings Water's allegations, and asserted that Jennings Water lacked standing to review the permit. On April 4, 2008, the reviewing court entered its findings of fact, conclusions thereon, and order denying Jennings Water's petition for judicial review. Jennings Water now appeals.

## DISCUSSION

### STANDARD OF REVIEW

■ Indiana Code § 4–21.5–5–14 provides that a reviewing court may provide relief from an administrative decision only if the agency action is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; or (5) unsupported by substantial evidence. The burden of demonstrating the invalidity of the agency action is upon the party asserting invalidity. Ind.Code § 4–21.5–5–14(a). In reviewing an administrative decision, a court is not to try the facts de novo or substitute its own judgment for that of the agency. Ind.Code § 4–21.5–5–11. Judicial review of disputed issues of fact must be confined to the agency record for the agency action. *Id.*

### I. CFO's Location in a Sensitive Area

■ Jennings Water claims that because the OEA did not specifically make reference to the term "sensitive area" in its final order that it effectively ignored the fact that the Jennings public water supply was a "sensitive area".[3] This failure, according to Jennings Water, rendered the decision arbitrary, capricious, and unreasonable. Jennings Water further asserts that the OEA's failure to find that Jennings Water was or was not a sensitive area is indicative that the OEA disregarded the applicable law, facts and circumstances in interpreting 327 Indiana Administrative Code 16–2–34, thus constituting reversible error. Jennings Water claims that the reviewing court must be reversed because its finding that the OEA found that Lykins' CFO would not impact the sensitive area, was "pure speculation and neither supported by case law nor the

---

**3.** 327 Indiana Administrative Code 16–2–34 provides that: " 'Sensitive Area' means a site where conditions exist that pose a specific water quality threat" to areas including aqui-

fers used as a source of drinking water, public water supply wells and wellhead protection areas.

facts at bar." *Appellant's Br.* at 18. We disagree.

The reviewing court found as follows:

The OEA found that the CFO would not impact the sensitive area, and concluded, based on expert testimony from Jennings Water's own witnesses, that the distance from the CFO to the Jennings Water well head was more than adequate to prevent the CFO from threatening the water supply of Jennings Water. This finding was neither, arbitrary, and capricious, or unreasonable.

*Appellant's App.* at 3–4; *Conclusion of Law # 6.*

The OEA found, in Finding of Fact # 18, that Jennings Water had determined by their choice that the minimum default area, with a diameter of 3,000 feet, was sufficient to protect their well heads from contamination under the Federal Well Head Protection five (5) year plan. *Appellant's App.* at 72. The OEA also found, in Finding of Fact # 17, that Jennings Water's well field, from which it draws water to service its customers, lies approximately two (2) miles from Lykins' proposed building site. *Id.*[4] The OEA also found, in Finding of Fact # 33, that "substantial evidence was introduced suggesting that the time for water to move from the proposed CFO site to the Jennings Water well heads, either from surface water or groundwater was indeterminate." *Id.* at 74. The OEA additionally noted, in Finding of Fact # 33, that Jennings Water's voluntary choice of the minimum 3,000 feet as their five (5) year well head protection area is strong evidence that water outside of this area is not an immediate threat to the well heads. *Id.*

IDEM contends that taking those findings as a whole, the OEA essentially determined that the proposed CFO site was not a "sensitive area" as defined by 327 Indiana Administrative Code 16–2–34. IDEM notes that the regulations do not require CFO applicants to show specifically whether their proposed site is in a sensitive area, and do not prohibit CFOs from operating in sensitive areas, but give IDEM's commissioner discretion to impose additional design standards. *See* 327 IAC 16–7–2 & 327 IAC 16–8–3(c).

This Court has held in many different contexts that no "magic words" are required so long as there is enough evidence to support the judgment or conclusion. *See e.g., Wolfe v. Estate of Custer ex rel. Custer,* 867 N.E.2d 589, 598 (Ind.Ct.App. 2007) (refusal to adopt a magic words approach to determining if plaintiff has met burden of proof of causation); *Green v. Green,* 863 N.E.2d 473, 476 (Ind.Ct.App. 2007) (no magic words are necessary for purposes of new trial under Trial Rule 76(C)(3)); *Silverman v. Fifer,* 837 N.E.2d 186, 191 (Ind.Ct.App.2005) (court's order will not be ignored even though it did not contain the magic words, "commercial driver's license"). Accordingly, we find that while the words "sensitive area" were not used by the OEA, the findings as a whole support the conclusion that the OEA considered and concluded that the CFO was not in a sensitive area.

## II. De Novo Standard of Review

■ Jennings Water claims that the OEA erroneously did not employ the *de novo* standard of review, and that the OEA's final order reflects "an improper, heightened level of deference to the IDEM

---

4. The discrepancy between the location as 1.25 miles from the proposed CFO as alleged in Jennings's Petition for Review and the OEA finding that the distance was approximately two miles may be accounted for by a differ-ence in the way in which the distance was measured from point to point. We do not deem this discrepancy to be particularly meaningful.

decision." *Appellant's Br.* at 19. More specifically, Jennings Water claims that the OEA erroneously applied an appellate standard of review. Jennings Water directs our attention to Conclusion of Law #17 in which the OEA concludes that the CFO permit's "issuance was neither arbitrary nor capricious." *Appellant's App.* at 116.

■ In *Indiana Department of Natural Resources v. United Refuse Co., Inc.*, 615 N.E.2d 100, 103 (Ind.1993), our supreme court held that the reviewing court proceeding, in reviewing an administrative decision, is not intended to be a trial *de novo*, but an analysis of the record to determine if the administrative findings are supported by substantial evidence. The reviewing court acts like an appellate court when reviewing an administrative order. *Id.* The reviewing court may provide relief if, among other things, the administrative agency's action is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Ind.Code § 4–21.5–5–14. The ELJ, on the other hand, serves as the trier of fact in an administrative hearing and a *de novo* review at that level is necessary. *United Refuse*, 615 N.E.2d at 103. The ELJ does not give deference to the initial determination of the agency. *Id.*

Jennings Water claims that since the OEA's final order did not explicitly state that the OEA applied *de novo* review, the reviewing court erred in finding that the OEA applied *de novo* review. Jennings Water argues that the OEA's finding that IDEM's issuance of the permit "was neither arbitrary nor capricious" is the only indication of the standard used by the OEA, and that it is the incorrect standard. *Reply Br.* at 6.

Here, the Chief ELJ of the OEA held a four-day evidentiary hearing to review the issuance of the permit. In Conclusion of Law #3, the ELJ stated that its findings of fact must be based exclusively on the evidence presented to the ELJ and deference to the agency's initial factual determination is·not allowed. *Appellant's App.* at 113. IDEM notes that the final order included the finding that "[i]n weighing the evidence presented by all the parties, the [OEA] is not persuaded by substantial evidence that IDEM failed to follow its rules and regulations in issuing the permit or that the design of the CFO as submitted did not meet the applicable requirements." *Finding of Fact #44; Appellant's App.* at 113. The OEA's findings of fact support the conclusion that the OEA weighed the evidence presented from all of the parties regarding the adequacy of the building designs and the appropriateness of the experts used. The OEA found that IDEM and Lykins' experts were more persuasive than those of Jennings Water because they specialized in CAFO's nationwide.

Although the words "de novo review" were not used, we find that it is not fatal to the OEA's final order. After examining the OEA's findings of fact and conclusions thereon it is apparent that *de novo* review standard was applied in this situation.

### III. Failed Burden of Proof

■ Jennings Water claims that the OEA's decision was arbitrary, capricious, and unsupported by substantial evidence and points to its own evidence presented below. Jennings Water argues that the OEA's findings of fact are contradictory and that its evidence met, if not exceeded, the burden of proof.

■ "In reviewing an administrative decision, we must determine 'whether substantial evidence, together with any reasonable inferences that flow from such evidence, support the [OEA's] findings and conclusions.'" See *Zeller Elevator Co. v. Slygh,* 796 N.E.2d 1198, 1206 (Ind.Ct.App. 2003) (citing *Walker v. Muscatatuck State Dev. Ctr.,* 694 N.E.2d 258, 266 (Ind.1998)).

"We do not reweigh the evidence or judge the credibility of the witnesses, and we consider only the evidence most favorable to the [OEA's] findings." *Zeller,* 796 N.E.2d at 1206.

The OEA's findings of fact indicate that IDEM and Lykins' experts were more persuasive, even though their testimony was contradicted by experts testifying on behalf of Jennings Water. The ELJ explained why IDEM and Lykins' evidence was more persuasive and substantial, and indicated that while Jennings Water had shown possible improvements to Lykins' proposed CFO, (*Appellant's App.* at 78), it had not shown by substantial evidence that IDEM's issuance of the permit did not comply with all the regulatory and statutory requirements. There is no error.

## IV. Decision Contrary to Law

 Jennings Water asserts that the OEA's decision was contrary to law because Jennings Water put forth "uncontroverted evidence that Lykins' application was incomplete and deficient when considered." *Appellant's Br.* at 22. In particular, Jennings Water argues that Lykins' application failed to include: 1) a farmland map, required by 327 Indiana Administrative Code 16–7–2(b)(3); and 2) specific plans for a dewatering system and information on the size of the planned sump pump and piping to prevent ponding, as required by 327 Indiana Administrative Code 16–3–1(e)(2). *Id.* at 23. However, our review of the record leads us to the conclusion that the OEA properly found and concluded that Jennings Water failed to establish by substantial evidence that Lykins' application was either incomplete or deficient. The reviewing court correctly noted that portions of the evidence presented by Jennings Water addressed whether the CFO would be able to comply with the permit, not whether the application was submitted in compliance with IDEM's rules. The OEA my not overturn

an IDEM approval upon speculation of future non-compliance. We find no error in this regard.

The decision of the Marion Superior Court is affirmed.

ROBB, J., and VAIDIK, J., concur.